Citation Nr: AXXXXXXXX
Decision Date: 08/31/21 Archive Date: 08/31/21

DOCKET NO. 210204-133580
DATE: August 31, 2021

ORDER

Attorney S.D. is eligible to direct payment of attorney fees from past-due benefits resulting from the December 2020 award of compensation under 38 U.S.C. § 1151 for a low back disability with radiculopathy, but only for the period from May 7, 2012, to February 16, 2015.

FINDINGS OF FACT

1. In June 2012, the Veteran (or, "the appellant) entered into a valid Agent Fee Agreement ("Fee Agreement") with Attorney S.D. 

2. A VA Form 21-22 appointment (also known as a power of attorney or POA) was submitted to VA on June 4, 2012, along with the written fee agreement, which was signed by both parties. 

3. In September 2012, Attorney S.D. filed a Notice of Disagreement on the Veteran's behalf.

4. On February 16, 2015, Attorney S.D. submitted a letter withdrawing representation, which was accepted by VA in a letter dated March 26, 2015.

5. The benefits sought were granted in a December 2020 Rating Decision.

CONCLUSION OF LAW

The criteria for eligibility to direct payment of attorney fees from past-due benefits resulting from the December 2020 award of compensation under 38 U.S.C. § 1151 for a low back disability with radiculopathy have been met, but only for the period from May 7, 2012, to February 16, 2015. 38 U.S.C. § 5904; 38 C.F.R. § 14.636.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from March 1984 to July 1988.

S.D. is the Veteran's former attorney.

The agency of original jurisdiction (AOJ) issued the decision on appeal in January 2021, and it constitutes an initial decision. In the February 2021 VA Form 10182, received within 60 days of issuance of the adverse AOJ decision, the Veteran elected the Direct Review docket. Therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. Further, the Board may only consider the evidence of record at the time of the AOJ decision on appeal. 38 C.F.R. § 20.301. 

As an initial matter, the Board finds that the notice requirements of 38 C.F.R. § 20.400 were met. The Regional Office (RO) mailed copies of the Summary of the Case and the appropriate docketing letters to both parties. Moreover, the RO mailed the Veteran's former attorney a copy of the substance of the Veteran's February 2021 VA Form 10182.

Attorney's Fees

A claimant may have attorney or agent representation for the prosecution of claims for VA benefits. 38 U.S.C. § 5904. A power of attorney, executed on either VA Form 21-22, "Appointment of Veterans Service Organization as Claimant's Representative," or VA Form 21-22a, "Appointment of Attorney or Agent as Claimant's Representative," is required to represent a claimant before VA. 

A power of attorney may be revoked at any time, and an agent or attorney may be discharged at any time. Unless a claimant specifically indicates otherwise, the receipt of a new power of attorney executed by the claimant and the organization or individual providing representation shall constitute a revocation of an existing power of attorney. 38 C.F.R. § 14.631(f)(1). 

All agreements for the payment of fees for services of agents and attorneys must be in writing and signed by both the claimant or appellant and the agent or attorney. To be valid, a fee agreement must include the following: the name of the Veteran; the name of the claimant or appellant if other than the Veteran; the name of any disinterested third-party payer and the relationship between the third-party payer and the Veteran, claimant, or appellant; the applicable VA file number; and the specific terms under which the amount to be paid for the services of the attorney or agent will be determined. Fee agreements must also clearly specify if VA is to pay the agent or attorney directly out of past-due benefits. A copy of a direct-pay fee agreement must be filed with the AOJ within 30 days of its execution. 38 C.F.R. § 14.636(g).

Agents and attorneys may charge claimants or appellants for representation provided: After an AOJ has issued a decision on a claim or claims, including any claim to reopen under 38 C.F.R. § 3.156(a) or for an increase in rate of a benefit; the AOJ issued notice of that decision before the effective date of the modernized review system; an NOD has been filed with respect to that decision on or after June 20, 2007; and the agent or attorney has complied with the power of attorney requirements in 38 C.F.R. § 14.631 and the fee agreement requirements in 38 C.F.R. § 14.636(g). 

When a claimant or appellant and an attorney or agent have entered into a fee agreement under which the total amount of the fee payable to the agent or attorney (i) is to be paid to the attorney by the Secretary directly from any past-due benefits awarded on the basis of the claim, and (ii) is contingent on whether the matter is resolved in a manner favorable to the claimant or appellant, the total fee payable to the attorney or agent may not exceed 20 percent of the total amount of any past due benefits awarded on the basis of the claim. A claim shall be considered to have been resolved in a manner favorable to the claimant or appellant if all or any part of the relief sought is granted. 38 U.S.C. § 5904(d); 38 C.F.R. §§ 14.636(h)(1), 14.636(h)(2). 

The term "past-due benefits" means a nonrecurring payment resulting from a benefit, or benefits, granted on appeal or awarded on the basis of a readjudicated claim after a denial by an AOJ or the Board or the lump sum payment that represents the total amount of recurring cash payments that accrued between the effective date of the award and the date of the grant of the benefit by the AOJ, the Board, or an appellate court. 38 C.F.R. § 14.636(h)(3). 

Eligibility to direct payment of attorney fees from past-due benefits resulting from the December 2020 award of compensation under 38 U.S.C. § 1151 for a low back disability with radiculopathy

The appellant seeks review of the fee awarded to his former attorney, S.D., stemming from the award granted in a December 2020 Rating Decision. Specifically, he asserts that the amount S.D. was awarded was calculated based on an incorrect period of time where the attorney represented him.

As an initial matter, in June 2012, concurrent with the filing of this claim, the Veteran engaged S.D. to be his attorney. A VA Form 21-22 appointment (also known as a power of attorney or POA) was submitted to VA on June 4, 2012, along with written a fee agreement signed by both parties. The fee agreement in this case specified a fee of 20 percent; benefits were granted to the Veteran on a claim that was pending at the time the attorney was the Veteran's representative; and the award of past-due benefits resulted in a cash payment to the Veteran. 

This Form 21-22 was effective until February 2015, when the Veteran executed another Form 21-22, selecting a new representative and terminating his POA with S.D. Nonetheless, the Veteran and S.D. had a valid fee agreement of record when the services at issue were rendered.

Next, according to the evidence of record, the particular issue in this appeal arises from a claim for a low back disability originally filed in June 2012 and was initially denied by the RO in August of that year. The Veteran submitted an NOD to this decision in September 2012 and, ultimately, the claim was granted in a December 2020 decision, effective April 18, 2011. In a January 2021, Summary of the Case, the Veteran was informed the Veteran that 20 percent of all of his past due benefits would be withdrawn for S.D.'s attorney fee.

However, it appears that the confusion arises in this case from the fact that, although the Veteran obtained a new representative, the Wisconsin Department of Veterans Affairs in March 2019, the attorney's representation was explicitly revoked on February 16, 2015. In actuality, as was noted in the Board's November 2015 remand, the Veteran was unrepresented for slightly over four years. 

In the Board's view, it would be fundamentally unfair to reward the Veteran's attorney for benefits accrued in the years after the attorney's status as legal representative had been revoked. This is particularly the case in this instance, where the benefits from 2015 to 2020 accrued not because of any administrative delay, but because of additional development that was required and pursued by the Veteran by himself. It is also probative that the attorney, while notified of this appeal, has not submitted any statements contesting the Veteran's assertions. 

Therefore, the Board agrees with the Veteran, and finds that the attorney is entitled to direct payment of attorney fees for this appeal, but only from May 7, 2012 to February 16, 2015. The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.

 

B.T. KNOPE

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Z. Maskatia